**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5240

RONALD GOODMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-94-267)

Argued: March 8, 1996

Decided: May 10, 1996

Before ERVIN and NIEMEYER, Circuit Judges, and YOUNG,
Senior United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Norman Cochran, Assistant Federal Public
Defender, Greensboro, North Carolina, for Appellant. Lisa Blue
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee. **ON BRIEF:** Walter C. Holton, Jr., United States Attor-
ney, Timika Shafeek, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Goodman pled guilty to robbing a bank in Durham, North Carolina, on October 28, 1994, in violation of 18 U.S.C. § 2113(a). The district court sentenced Goodman as a "career offender" to 151 months imprisonment, concluding that his earlier convictions in July 1976 for use of a handgun in the commission of a crime, in violation of Md. Ann. Code art. 27, § 36B(d), and in July 1981 for bank robbery qualified as "crime[s] of violence" within the meaning of U.S.S.G. § 4B1.1.

On appeal from his sentence, Goodman argues that the use of a handgun in the commission of a crime need not be violent and, because we have adopted a categorical approach in defining crimes of violence, his 1976 conviction does not qualify as a predicate offense for purposes of applying the career offender guideline. Analogizing the Maryland statute under which he was convicted to the federal statute prohibiting firearm possession by convicted felons, see 18 U.S.C. § 922(g)(1), Goodman submits that our decision in United States v. Johnson, 953 F.2d 110, 115 (4th Cir. 1991) (holding that possession of firearm by felon does not categorically constitute "crime of violence"), compels the conclusion that the district court erred in sentencing him as a career offender. Goodman's argument fails, however, because his predicate Maryland offense is substantially different from the federal "felon in possession" offense.

Rather than prohibiting mere "possession" of a firearm, the Maryland statute under which Goodman was convicted proscribes "use [of] a handgun . . . in the commission of [a] felony." Md. Ann. Code art. 27, § 36B(d) (emphasis added); see Coates v. Maryland, 436 F. Supp. 226, 232 (D. Md. 1977). Explaining the essence of a§ 36B violation, the Maryland Court of Appeals has stated that "use of a firearm connotes something more than a bare potential for use"; "while there need

2

not be conduct which actually produces harm," the Maryland statute "requires conduct which produces a fear of harm or force by means or display of a firearm." <u>Wynn v. State</u>, 546 A.2d 465, 470 (Md. 1988) (quoting <u>People v. Chambers</u>, 498 P.2d 1024, 1027-28 (Ca. 1972)). The Maryland statute prohibits precisely the conduct that qualifies a crime as violent under U.S.S.G. § 4B1.2(1). That provision defines a "crime of violence" as an offense punishable by more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

From the decision in <u>Wynn</u> that "use" requires conduct that threatens harm or the use of force, it is tautological that the Maryland offense "has as an element the use . . . or threatened use of physical force against the person of another." Common sense dictates, moreover, that the crime inherently "involves conduct that presents a serious potential risk of physical injury to another." <u>Cf. United States v. Thompson</u>, 891 F.2d 507, 509-11 (4th Cir. 1989) (holding that South Carolina offense of pointing firearm at person constitutes "crime of violence"), <u>cert</u>. <u>denied</u>, 945 U.S. 922 (1990).

Accordingly, we hold that Goodman's 1976 conviction under Maryland law for use of a handgun in the commission of a crime was for a "crime of violence" within the meaning of the career offender guideline and affirm the district court's enhancement of Goodman's sentence.

<u>AFFIRMED</u>