Filed: June 14, 2000

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-4610
(CR-99-206)

United States of America,

Plaintiff - Appellee,

versus

Calvin Pierre Antonio Martin,

Defendant - Appellant.

O R D E R

The court amends its opinion filed June 9, 2000, as follows:

On the cover sheet, section 4 -- "Argued:" is inserted before the May 5, 2000, date.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4610

CALVIN PIERRE ANTONIO MARTIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Margaret B. Seymour, District Judge.
(CR-99-206)

Argued: May 5, 2000

Decided: June 9, 2000

Before WILKINS, MICHAEL, and TRAXLER,
Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Wilkins wrote the
opinion, in which Judge Michael and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** David Wilson Plowden, Assistant Federal Public
Defender, Greenville, South Carolina, for Appellant. Isaac Louis
Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey,
United States Attorney, Harold Watson Gowdy, III, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Calvin Pierre Antonio Martin appeals an order of the district court sentencing him as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1 (1998), following his conviction for bank larceny, see 18 U.S.C.A. § 2113(b) (West Supp. 2000).**1** Martin contends that he is not eligible to be sentenced as a career offender because bank larceny is not a crime of violence. We agree and accordingly vacate and remand for resentencing.

I.

On February 17, 1999, Martin entered a federally insured bank in Spartanburg, South Carolina, approached a teller, handed her a plastic bag, and said, "I need you to fill this up please." J.A. 54 (internal quotation marks omitted). Martin was unarmed. The teller described Martin as serious and nervous. While she filled the bag, he leaned over the counter with his face about a foot from hers. After the teller had put some bills into the bag, Martin said, "Okay. That's enough." Id. at 55 (internal quotation marks omitted). The teller then returned the bag, and Martin left the bank without saying more. Martin was subsequently charged with a single count of bank robbery. See 18 U.S.C.A. § 2113(a) (West Supp. 2000). The indictment charged that Martin "by force, violence, and intimidation did take [money] from the person and presence of employees of the Palmetto Bank." J.A. 10.

The teller testified at trial that she was afraid, although she never saw a weapon. Martin admitted at trial that he had stolen money from

_____

**1** The statute provides in relevant part as follows:

> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both . . . .

18 U.S.C.A. § 2113(b).

the bank but denied threatening the teller. The district court instructed the jury on the elements of bank robbery and of bank larceny as a lesser included offense. The jury convicted Martin of bank larceny.

At sentencing, the district court determined that Martin was a career offender. First, the court found that Martin was over the age of 18 at the time of the instant offense and that he had two or more prior felony convictions for crimes of violence or drug offenses. Over Martin's objection, the court also found that the instant offense of bank larceny was a crime of violence. The court sentenced Martin to 84 months imprisonment followed by a three-year term of supervised release. Martin appeals his sentence.

II.

The guidelines provide that a defendant should be sentenced as a career offender

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Here, there is no dispute that Martin was at least 18 years old when he committed the instant offense and that he has the requisite predicate convictions. Martin argues, however, that he should not have been sentenced as a career offender because the offense of conviction, bank larceny, is not a crime of violence within the meaning of the career offender provision. We review this legal question de novo. See United States v. Dickerson, 77 F.3d 774, 775 (4th Cir. 1996).

"Crime of violence" is defined by the guidelines as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

3

> (1) has as an element the use, attempted use, or
> threatened use of physical force against the
> person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion,
> involves use of explosives, or otherwise
> involves conduct that presents a serious
> potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The commentary enumerates certain offenses that are crimes of violence and explains that

> [o]ther offenses are . . . "crimes of violence" if (A) that
> offense has as an element the use, attempted use, or threat-
> ened use of physical force against the person of another, or
> (B) the conduct set forth (i.e., expressly charged) in the
> count of which the defendant was convicted . . . by its
> nature, presented a serious potential risk of physical injury
> to another.

Id. § 4B1.2, comment. (n.1).

Bank larceny is not one of the offenses enumerated in U.S.S.G. § 4B1.2(a)(2) or the accompanying commentary. Moreover, this offense does not contain as an element the use, attempted use, or threatened use of physical force.[2] See 18 U.S.C.A. § 2113(b). There-fore, bank larceny is a crime of violence only if it"otherwise involves

---

[2] We have held that when the elements of an offense indicate that it could be committed in two ways, one of which requires a finding that physical force was used and the other of which does not, "it is appropri-ate for a court to look beyond the fact of conviction and the elements of the offense" to the charging papers and jury instructions in deciding whether an offense constitutes a crime of violence. United States v. Cole-man, 158 F.3d 199, 202 (4th Cir. 1998) (en banc); see United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998); United States v. Cook, 26 F.3d 507, 509 (4th Cir. 1994). Here, the elements of 18 U.S.C.A. § 2113(b) contain no ambiguity that would permit us to look beyond those elements in determining whether bank larceny is a crime of vio-lence.

4

conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

The commentary emphasizes that "in determining whether an offense is a crime of violence . . . the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry." Id. § 4B1.2, comment. (n.2) (emphasis added). The guidelines therefore prohibit "a wideranging inquiry into the specific circumstances surrounding a conviction" in determining whether an offense is a crime of violence. United States v. Johnson, 953 F.2d 110, 113 (4th Cir. 1992). Consistent with the limitations imposed by the guidelines on any factual inquiry, we have stated that

> in assessing whether a particular offense satisfies the "otherwise clause" of [U.S.S.G. § 4B1.2(a)(2)], a sentencing court must confine its factual inquiry to those facts charged in the indictment. If the sentencing court cannot glean the circumstances surrounding the defendant's commission of the crime from the indictment, the question for the sentencing court becomes whether that crime, in the abstract, involves conduct that presents a serious potential risk of physical injury to another.

Dickerson, 77 F.3d at 776 (internal quotation marks & citations omitted) (emphasis added); see also Johnson, 953 F.2d at 113 (stating that the plain meaning of application note 2 to U.S.S.G.§ 4B1.2 makes clear that "a sentencing court must confine its factual inquiry to those facts charged in the indictment"). Thus, a two-part inquiry is required to determine whether an offense is a crime of violence under the "otherwise clause." First, we consider the indictment pertaining to the offense of which the defendant was convicted. If that effort is unavailing, we consider whether the offense of conviction is a crime of violence in the abstract.

A.

Martin was indicted for bank robbery, see 18 U.S.C.A. § 2113(a).**3**

_____

**3** The statute pertaining to bank robbery provides, in relevant part:

5

In particular, the indictment charged that Martin "by force, violence, and intimidation did take [money] from the person and presence of employees of the Palmetto Bank." J.A. 10. The jury convicted Martin of the lesser included offense of bank larceny. Thus, it is not the case that the conduct set forth in the indictment is "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted." U.S.S.G. § 4B1.2, comment. (n.1). In fact, there is no indictment charging Martin with bank larceny, the offense of which he was convicted.

The Government essentially argues for the creation of a de facto "indictment" for the offense of conviction by omitting from the indictment for bank robbery the reference to "force, violence, and intimidation," and retaining the reference to "tak[ing] from the person and presence of [bank] employees." J.A. 10. The Government asserts that the conviction by the jury on the lesser included offense indicates that, although the jury did not find that Martin used force, violence, or intimidation, it did find that Martin took the money from a person. Reasoning by analogy to cases from other circuits holding that larceny from a person is a crime of violence, the Government argues that bank larceny from the person or presence of a teller is also a crime of violence. See United States v. Payne, 163 F.3d 371, 374-75 (6th Cir. 1998); United States v. De Jesus, 984 F.2d 21, 24-25 (1st Cir. 1993). But see United States v. Lee, 22 F.3d 736, 740-41 (7th Cir. 1994) (holding that theft from a person is not a crime of violence).

Assuming without deciding that when a jury convicts a defendant of a lesser included offense it is permissible to consider those facts

_____

> Whoever, by force and violence, or by intimidation, takes . . . from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . .
>
>   . . .
>
>  [s]hall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C.A. § 2113(a).

6

alleged in the original indictment that correspond to the elements of the lesser included offense, the Government's argument fails. Bank larceny lacks as a statutory element not only the use of force, violence, or intimidation, but also the taking from the person or presence of another. Thus, conforming the indictment to Martin's bank larceny conviction requires deletion of both the reference to force, violence, and intimidation and the reference to taking from the person and presence of bank employees. See United States v. Arnold, 58 F.3d 1117, 1124 (6th Cir. 1995) (holding in a case where the defendant was not convicted of the offense with which he was originally charged that in determining whether the offense of conviction is a crime of violence, "the . . . court should limit its examination to only those charges in the indictment that are essential to the offense" of which the defendant was convicted); United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991) (stating that under the categorical approach, "the relevant determination is whether the defendant was convicted of a given offense, not whether he engaged in certain conduct").

In sum, no matter how clear it may be from the record as a whole that Martin committed larceny from a person, the limited nature of the permissible factual inquiry precludes our consideration of that fact in determining whether Martin's offense of bank larceny was a crime of violence. In particular, we may not consider all the allegations in the indictment charging Martin with bank robbery, but rather only those that directly correspond to the elements of the offense of conviction. We therefore need not address whether a larceny from a person constitutes a crime of violence. Instead, we move to the second inquiry under Dickerson.

B.

Because we cannot conclude from the indictment that Martin's offense was a crime of violence, it is necessary under Dickerson to consider the broader question of whether bank larceny, in the abstract, is a crime of violence. We conclude that it is not.

We have held that escape from custody is a violent felony,[4] relying

_____

[4] The term "violent felony" is defined in 18 U.S.C.A. § 924(e) (West Supp. 1999), which provides for an enhancement of the sentence of cer-

7

on "the chance that [even] in the case of an escape by stealth, the escapee will be intentionally or unintentionally interrupted by another" creating the possibility that "the escapee [will] choose to dispel the interference by means of physical force." United States v. Hairston, 71 F.3d 115, 118 (4th Cir. 1995); see Dickerson, 77 F.3d at 777 (relying on Hairston in holding that attempted escape from custody is a crime of violence); United States v. Aragon, 983 F.2d 1306, 1311-15 (4th Cir. 1993) (holding that attempting to rescue a prisoner or assisting his escape is a crime of violence for purposes of 18 U.S.C.A. § 1952(a)(2) (West Supp. 2000)). On similar grounds, we have held that the attempted breaking and entering of a dwelling constitutes a violent felony because of the substantial risk of confrontation. See United States v. Custis, 988 F.2d 1355, 1363-64 (4th Cir. 1993) ("In most cases, attempted breaking and entering will be charged when a defendant has been interrupted in the course of illegally entering a home. Interrupting an intruder while breaking into a home involves a risk of confrontation nearly as great as finding him inside the house."); see also United States v. Mobley, 40 F.3d 688, 696 (4th Cir. 1994) (holding that pickpocketing is a violent felony because of the likelihood of confrontation).

On the other hand, we have held that possession of a firearm by a convicted felon is not a crime of violence because "[t]he danger inherent in the mere possession of a firearm is, in many cases, too highly attenuated to qualify the offense as a per se `crime of violence.'" Johnson, 953 F.2d at 115; see United States v. Rutherford, 54 F.3d 370, 375 (7th Cir. 1995) ("A court must . . . tread carefully when

_____

tain defendants convicted of violating 18 U.S.C.A.§ 922(g) (West Supp. 1999). Since the language in U.S.S.G. § 4B1.2(a) is almost identical to that in 18 U.S.C.A. § 924(e)(2)(B), our reasoning regarding the meaning of "violent felony" is relevant to determining the meaning of "crime of violence." See United States v. Hill, 131 F.3d 1056, 1062 n.6 (D.C. Cir. 1997); Johnson, 953 F.2d at 113-14. Similarly, the term "crime of violence" is used in 18 U.S.C.A. § 1952(a)(2) (West Supp. 2000) to describe an element of a violation of that statute. "Crime of violence" is defined in 18 U.S.C.A. § 16 (West Supp. 1999) for use throughout Title 18. The definition in 18 U.S.C.A. § 16 uses operative language that is similar to that used in U.S.S.G. § 4B1.2(a). Thus, our determinations regarding what constitutes a crime of violence for purposes of 18 U.S.C.A. § 16 are also relevant here. See Wilson, 951 F.2d at 588.

8

interpreting the `otherwise' clause. Conjecture or speculation about possible harm is not sufficient to create a crime of violence under § 4B1.2; instead, there must be evidence that the crime, by its nature, presents a substantial risk or an affirmative indication in the indictment or information that the defendant engaged in conduct presenting a serious risk of physical injury." (internal quotation marks omitted)).

We conclude that bank larceny is not a crime of violence. Our precedents suggest that most, if not all, instances of an offense should involve a serious potential risk of injury in order for that offense to constitute a crime of violence in the abstract. See Aragon, 983 F.2d at 1315 (emphasizing, in determining that instigating or assisting the rescue of a prisoner is a crime of violence, that the offense "frequently" presents a risk of injury and that this "risk is invariably present due to the nature of the crime[ ], whether or not physical force is in fact used" (internal quotation marks omitted)). Although some bank larcenies may present a risk of physical confrontation, bank larceny may be committed by numerous means that present no such risk. For example, an individual may commit bank larceny by obtaining money through false pretenses, see Bell v. United States, 462 U.S. 356, 360-62 (1983); by forging a certified check, see United States v. Thorpe, 191 F.3d 339, 341 (2d Cir. 1999); by exploiting one's position as a bank employee to steal from a bank drawer, vault, or night deposit safe, see United States v. Brelsford, 982 F.2d 269, 270 (8th Cir. 1992); United States v. Maciaga, 965 F.2d 404, 405 (7th Cir. 1992); or by manufacturing keys to someone else's safe deposit box and stealing the contents, see United States v. Munzingo, 999 F.2d 361, 362-63 (8th Cir. 1993). The vast array of means of committing bank larceny that pose no potential risk of physical injury to another, let alone a serious one, precludes a determination that the offense in the abstract is a crime of violence.

III.

We conclude that bank larceny is not a crime of violence and that the district court therefore erred in sentencing Martin as a career offender. Accordingly, we vacate Martin's sentence and remand for resentencing.

VACATED AND REMANDED