**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 00-4164

JEFFREY MITCHELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-99-71-F)

Submitted: September 29, 2000

Decided: October 13, 2000

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Jennifer May-Parker, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Mitchell pled guilty to escape, see 18 U.S.C. § 751 (1994), and was sentenced as a career offender* to a term of thirty-seven months imprisonment, to be served consecutive to the sentence he was then serving for a federal drug conviction. Mitchell contends that the district court erred in finding that his escape was a crime of violence. We affirm.

A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense, (2) the instant offense is either a crime of violence or a drug offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a drug offense. A "crime of violence" is defined in USSG § 4B1.2(a) as a felony that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The commentary identifies a number of offenses as crimes of violence and adds that other offenses are crimes of violence if:

> (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another.

_____

*U.S. Sentencing Guidelines Manual § 4B1.1 (1998).

2

USSG § 4B1.2, comment. (n.1).

The district court held that, even though Mitchell walked away from a non-secure facility, his escape was by its nature a crime of violence. The court relied on United States v. Dickerson, 77 F.3d 774 (4th Cir. 1996) (holding that attempted escape from custody is, in the abstract, a crime of violence). Mitchell argues on appeal that Dickerson should be limited to its facts and should not preclude an inquiry into the particular facts underlying the escape. He suggests that escape offenses should be divided into two categories: violent and non-violent. We find that either approach is foreclosed by Dickerson.

The guidelines "prohibit `a wideranging inquiry into the specific circumstances surrounding a conviction' in determining whether an offense is a crime of violence." United States v. Martin, 215 F.3d 470, 472-73 (4th Cir. 2000) (quoting United States v. Johnson, 953 F.2d 110, 113 (4th Cir. 1992)). If an offense is not identified as a crime of violence in USSG § 4B1.2 or its commentary, the court must decide whether the offense has as an element the use, attempted use, or threatened use of physical force. See Dickerson , 77 F.3d at 776. Escape in violation of 18 U.S.C. § 751(a) (1994) does not have as an element the use, attempted use or threatened use of force against another. See Dickerson, 77 F.3d at 776.

If the prior offense is one of a limited class of offenses where the definition is ambiguous and proscribes both violent and non-violent conduct, then the court should look to the charging papers and jury instructions to decide whether the offense is a crime of violence. See Martin, 215 F.3d at 472 n.2 (citing United States v. Coleman, 158 F.3d 199, 202 (4th Cir. 1998) (en banc)); United States v. Kirksey, 138 F.3d 120, 124 (4th Cir.), cert. denied, 525 U.S. 849 (1998); United States v. Cook, 26 F.3d 507, 509 (4th Cir. 1994). Mitchell argues that such ambiguity exists with respect to the offense of escape. However, the elements of § 751 do not indicate that it could be committed in a violent or non-violent manner, as is the case with the state statutes this court examined in this context in Coleman and Kirksey.

If the foregoing inquiry does not establish that the offense is a crime of violence, the sentencing court must determine whether it

"otherwise involves conduct that presents a serious potential risk of physical injury to another" under § 4B1.2(a)(2). Martin, 215 F.3d at 472. In making this determination, the court must (1) consider only the facts charged in the indictment and, (2) "if that effort is unavailing . . . consider whether the offense of conviction is a crime of violence in the abstract." Id. at 473 (following Dickerson). With respect to escape and attempted escape, this inquiry has been resolved. See Dickerson, 77 F.3d at 777 (holding that attempted escape from custody is a crime of violence); United States v. Hairston, 71 F.3d 115, 118 (4th Cir. 1995) (holding that escape from custody, even by stealth, is a violent felony because there is an inherent risk that the escapee may use physical force if interrupted). See also United States v. Ruiz, 180 F.3d 675, 676-77 & n.7 (5th Cir. 1999) (escape from federal prison camp); United States v. Harris, 165 F.3d 1062, 1068 (6th Cir. 1999) (escape from county workhouse). It is thus clear that the district court correctly determined that Mitchell's escape was a crime of violence.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4