UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

No. 01-4064

RICHARD L. KESLING,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-00-8)

Submitted: July 31, 2001

Decided: August 28, 2001

Before WILKINS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

J. Robert Russell, FURBEE, AMOS, WEBB & CRITCHFIELD,
P.L.L.C., Fairmont, West Virginia, for Appellant. Melvin W. Kahle,
Jr., United States Attorney, Paul T. Camilletti, Assistant United States
Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard L. Kesling entered a guilty plea to possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 2000), and received a sentence of thirty months' imprisonment. He contends on appeal the district court erred in finding his prior West Virginia conviction for first degree sexual abuse in violation of W. Va. Code § 61-8B-7 was a crime of violence and in increasing his base offense level as a result. We affirm.

The federal sentencing guidelines applicable to a § 922(g)(1) conviction provide a base offense level of twenty if the defendant has one prior felony conviction that is a crime of violence or a controlled substance offense. *See U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A)(1998). The term "crime of violence", as used in USSG § 2K2.1(a)(4)(A), is defined in USSG § 4B1.2(a), as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a). The determination as to whether an offense is a crime of violence is a question of law that this Court reviews de novo. *United States v. Martin*, 215 F.3d 470, 472 (4th Cir. 2000).

Kesling was convicted of sexual contact without consent and by forcible compulsion with a fourteen or fifteen year old boy. We find the district court correctly held this offense, considered in the abstract, is a crime of violence within the meaning of § 4B1.2(a).

Kesling also contends he was entitled to the six-level downward specific characteristic adjustment for possession of a weapon for lawful sporting or collection purposes pursuant to USSG § 2K2.1(b)(2). The district court correctly found Kesling was ineligible for this adjustment, since it is unavailable to one convicted of a prior crime of violence under § 2K2.1(a)(4).

Accordingly, we affirm Kesling's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*