**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ERIC RENARD JACKSON,
　　　　　*Defendant-Appellant.*

No. 02-4427

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-119-FO)

Submitted: January 16, 2003

Decided: February 6, 2003

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, John Howarth Bennett, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Eric Jackson pled guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to seventy-eight months imprisonment. Jackson now appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court erred in determining that a 1991 conviction for "Assault on a Law Officer" was a crime of violence within the meaning of the Sentencing Guidelines, but stating that, in his opinion, there are no meritorious issues for appeal. Jackson was advised of his right to file a pro se supplemental brief but declined to do so. For the reasons that follow, we affirm.

The federal sentencing guideline applicable to a § 922(g)(1) conviction provides a base offense level of twenty if the defendant has one prior felony conviction that is a crime of violence or a controlled substance offense. *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A) (2000). Jackson concedes that, at the time of the offense, it constituted a felony for purposes of the sentencing guidelines. The term "crime of violence" is defined in USSG § 4B1.2(a), as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another or . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." The determination as to whether an offense is a crime of violence is a question of law that this court reviews de novo. *United States v. Martin*, 215 F.3d 470, 472 (4th Cir. 2000).

The offense occurred when Jackson resisted arrest for violating a local loitering ordinance; according to the presentence report, Jackson "assaulted Officer D.T. Moore . . . by hitting him with his fist." We find that the district court correctly held that this offense is a crime of violence within the meaning of § 4B1.2(a).

We have reviewed the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*