**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4065

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN MAURICE LINDER,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (CR-03-41)

Submitted:  May 21, 2004                    Decided:  June 8, 2004

Before WIDENER and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant.
Robert J. Conrad, Jr., United States Attorney, Gretchen C. F.
Shappert, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kevin Maurice Linder pled guilty to escape, 18 U.S.C. § 751 (2000), and was sentenced as a career offender to forty months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Linder challenges the district court's determination that escape is a crime of violence as defined in § 4B1.2(a)(2) & comment. (n.1). We affirm.

Linder argues on appeal that this court should reconsider a number of its prior decisions. Linder first takes issue with this Court's decision in United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996) (holding that felony attempted escape is a crime of violence under § 4B1.1), and challenges the categorical approach we have adopted for determining whether an offense is a crime of violence under the "otherwise" clause of § 4B1.2(a)(2). Id. (quoting United States v. Johnson, 953 F.2d 110, 114-15 (4th Cir. 1991)). Linder also contends that this court erred in deciding United States v. Kinter, 235 F.3d 192, 195 (4th Cir. 2000) (holding that Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply to the sentencing guidelines). He argues that due process requires that any fact resulting in a sentence enhancement be proved beyond a reasonable doubt and by evidence admissible at trial. Because a panel of this court may not overrule the decision of a prior panel, Brubaker v. City of Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991), his argument fails in each instance.

Linder further maintains that the Sentencing Commission violated the Due Process Clause by defining a crime of violence in terms different from those used in 18 U.S.C. § 16(b) (2000). Section 16(b) differs from § 4B1.2(a)(2) in that § 16(b) states that a crime of violence may be "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," while § 4B1.2(a)(2) provides that a crime of violence may be an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The commentary to § 4B1.2 clarifies the guideline by stating that the offense may be one that, "by its nature, presented a serious potential risk of physical injury to another." Our prior decisions hold that the discrepancy between § 16 and § 4B1.1 is not significant. See United States v. Martin, 215 F.3d 470, 474 n.4 (4th Cir. 2000) (noting that, "the definition in 18 U.S.C. § 16 uses operative language that is similar to that used in U.S.S.G. § 4B1.2(a). Thus, our determinations regarding what constitutes a crime of violence for purposes of 18 U.S.C.A. § 16 are also relevant [for career offender determination]"); United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991) (modification of guideline language that deviated from § 16 definition of crime of violence did not alter scope of court's inquiry into nature of offense).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED