**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-4941**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES RONALD LOCKLEAR,

Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (CR-05-78-F)

—————

Submitted:  June 14, 2006                Decided:  July 10, 2006

—————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Ronald Locklear appeals from his fifty-one-month sentence imposed pursuant to his guilty plea to escape, 18 U.S.C. § 751(a) (2000). On appeal, Locklear asserts that the district court erred by sentencing him as a career offender and by departing upward because his criminal history was underrepresented by the calculated guideline range. We affirm.

Locklear first contends that his offense was not a crime of violence and that he consequently should not have been sentenced as a career offender. See United States Sentencing Guidelines Manual § 4B1.1(a)(2). The guidelines define "crime of violence" as either a listed felony or a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a). In assessing whether a particular offense satisfies the "otherwise" clause, a court confines its factual inquiry to the facts charged in the indictment. If the circumstances are not clear from the indictment, the court considers whether that crime "in the abstract" involves conduct that presents a serious potential risk of physical injury to another. See United States v. Martin, 215 F.3d 470, 472 (4th Cir. 2000).

Here, Locklear's indictment provided no specifics on his escape, which is not a listed felony under USSG § 4B1.2. However, in United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996), we

held that attempted felony escape "'in the abstract,' involves conduct that presents a serious potential risk of physical injury to another." Therefore, regardless of the specific facts of his case, Locklear's escape was a crime of violence, and he was, thus, properly treated as a career offender.

Locklear next contends that the district court erred in departing upward based on his criminal record. Specifically, he argues that the court failed to properly analyze its basis for departure, failed to explain why the guidelines did not adequately address Locklear's criminal history, and departed to an unreasonable degree.

A defendant's criminal history is an encouraged factor for an upward departure. A court may depart upward from the guideline range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; see also USSG § 4A1.3(a)(4)(B) (when upwardly departing from Category VI, the court should move incrementally down the sentencing table to the next highest offense level, until it finds an appropriate guideline range). When a sentencing court departs upward pursuant to USSG § 4A1.3, p.s., the court must provide "a short clear written statement or a reasoned statement from the bench to support its departure." United

States v. Rusher, 966 F.2d 868, 882 (4th Cir. 1992). The court is not required to use specific language, but it should clearly identify the aggravating factors and its reasons for departure. Id.

Here, Locklear had more than double the number of criminal history points required for placement in category VI.[*] In addition, the court noted that Locklear's lengthy record demonstrated that he presented a risk of violence, that his record was "bad" and "violent," that his drug problem was at the bottom of his continued burglaries, and that his future was "grim" unless he could get over his drug issues. Moreover, the court made it clear that it was departing because Locklear's criminal history category did not adequately reflect the seriousness of his criminal history. Thus, while the court's findings could have been more explicit, we find that the court's statement and reasoning were sufficient to justify its upward departure.

Locklear also asserts that the departure was unreasonable, because (1) his guideline range already accounted for his serious criminal history and (2) the court failed to consider the mitigating circumstances that his actual offense conduct was innocuous, that he was set to be released within weeks of his escape, and that he did not incur any convictions while absent from

---

[*]Further, although Locklear was found to be a career offender, that status did not affect his criminal history category, because he was already in category VI.

the facility.  However, the district court was informed of the circumstances, both by Locklear's attorney and by the presentence report, and the court discussed the circumstances of the crime and Locklear's background.  In addition, while Locklear's criminal history resulted in a career offender enhancement, his criminal history contained many more convictions than were necessary to qualify as a career offender.  Finally, the court departed just one offense level, resulting in a sentence only five months longer than the maximum sentence available without the departure.

Thus, we find that the departure was proper and reasonable.  Accordingly, we affirm Locklear's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>