**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5099**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AUBREY T. MOORE, III, a/k/a Tom,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:06-cr-00091-IMK-JSK-1)

Submitted:  July 7, 2008          Decided:  July 17, 2008

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph J. Harris, Morgantown, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aubrey Thomas Moore, III, pled guilty to distribution of heroin. The district court sentenced him to 151 months imprisonment. On appeal, Moore argues that his prior conviction for possession of the frame or receiver of a machine gun should not count as a crime of violence and therefore the district court erred in applying the career offender enhancement to his sentence. Finding no error, we affirm Moore's sentence.

The career offender sentencing enhancement applies if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2006). Moore admits that he was at least eighteen when he committed the underlying offense of distribution of heroin, that this offense is a felony controlled substance offense, and that he had one prior conviction for a controlled substance offense. He disputes whether his prior conviction for possession of the frame or receiver of a machine gun should count as a crime of violence.

Moore concedes that the letter of the law provides that it should count, but he asserts that, without aggravating factors,

it should not be considered a per se crime of violence. In support of his argument, Moore relies on United States v. Johnson, 953 F.2d 110, 115 (4th Cir. 1991), in which we held that the offense of possession of a firearm by a felon is not a per se "crime of violence" under USSG § 4B1.2. The Johnson court explained that the offense of felon in possession of a firearm was not classified as a crime of violence unless the crime involved conduct that posed a risk of physical injury to another. Id. at 112.

Possession of a frame or receiver of a machine gun, however, is per se a crime of violence. Application Note 1 of USSG § 4B1.2 provides that unlawful possession of a firearm described in 26 U.S.C. § 5845(a) (2000) is a crime of violence. Section 5845(a) includes a machine gun, which is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon. . . ." 26 U.S.C. § 5845(b).

Thus, Moore's prior conviction for possession of the frame or receiver of a machine gun--which is the equivalent of a machine gun--is a crime of violence under Application Note 1 of USSG § 4B1.2, because a machine gun is a firearm defined in § 5845. We therefore conclude that the district court correctly determined that Moore's prior conviction for possession of a frame or receiver of a machine gun was a crime of violence.

- 3 -

Accordingly, we find that the court correctly applied the career offender enhancement, and we affirm Moore's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED