SHEDD,- Circuit Judge,
concurring:
The majority applies the categorical approach to determine if Faulls’s conviction for interstate domestic violence is a “sex offense” under 42 U.S.C. § 16911(5)(A)(i). Regardless of-whether the categorical approach should apply to past convictions under this section, if I were deciding this issue on a clean slate, I would not apply it in the context of this case, which involves an instant offense. As the Tenth Circuit has explained, “the practical difficulties of conducting an ad hoc mini-trial” that drive us to apply the categorical approach to a past- conviction “do not apply when the court is examining the conduct of the defendant in the instant offense.” United States v. Riggans, 254 F.3d 1200, 1203-04 (10th Cir.2001) (quotation marks and alterations omitted); see also United States v. Williams, 690 F.3d 1056, 1069 (8th Cir.2012) (same).
The categorical approach does not save judicial resources because we are continuously called upon to determine -whether past convictions — on a state-by-state basis — qualify as predicate offenses in multiple contexts, 'including sentencing. This situation has left “[t]he dockets of our court ... clogged with these cases.” United States v. Vann, 660 F.3d 771, 787 (4th Cir.2011) (Agee, J., concurring). Further, the categorical approach is the antithesis of individualized sentencing; we do not consider 'what the individual to be sentenced has actually done, .but the most lenient conduct punished by his statute of conviction. This flaw is even more apparent in cases like this one, involving instant offenses: the district judge sat through Faulls’s trial, heard the evidence against him, and witnessed the jury’s finding that Faulls committed aggravated sexual abuse against his wife. The categorical approach then requires the “counter-intuitive procedure” whereby that same judge “must ignore the actual trial record and the facts and inferences drawn from the testimony” to determine if Faulls’s conviction was for a “sex offense.” United States v. Stoker, 706 F.3d 643, 651 (5th Cir.2013) (Jones, J., concurring).
Notwithstanding my view, however, circuit precedent rejects this distinction between past convictions and instant offenses. See United States v. Johnson, 953 F.2d 110, 114 (4th Cir.1991) (noting.the “substantial intuitive appeal” of applying -a circumstance-specific approach to instant offenses but. nonetheless concluding that *517 the approach “must ... be rejected”); United States v. Martin, 215 F.3d 470, 474 (4th Cir.2000) (applying .categorical approach to instant conviction “no matter how clear it may be from the record” that the defendant committed a crime of violence). I therefore concur in Judge Diaz’s thoughtful opinion for the court.