981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Windel Augustus FRANCIS, Defendant-Appellant.
 No. 91-5189.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge.
 Roy G. Hall, Jr., Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Windel Augustus Francis, an illegal alien, was convicted by a jury of possessing with intent to distribute crack cocaine, and possessing with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B), and (b)(1)(C) (West 1985 & Supp. 1992); and using a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1) and (2) (West Supp. 1992). He appeals his conviction and sentence. Counsel for Francis has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but indicating that, in his view, there are no meritorious issues for appeal. Counsel has also filed a Motion to Withdraw Representation. We affirm the district court's decision, but deny the motion to withdraw.
 
 
 2
 Counsel for Francis first asserts that the district court arguably erred in denying Francis's Motion for Judgment of Acquittal at the close of the government's case. This argument lacks merit. The record reveals that Francis was present in a drug house when police raided the house following a controlled purchase of crack cocaine from Francis's codefendant. He did not directly participate in the sale, but reached for a loaded semi-automatic pistol during the search after police told him to freeze, and thus illustrated that he was more than an innocent bystander. He offered no evidence at trial. In light of these facts, which we view in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Francis was guilty as charged. United States v. Bell, 954 F.2d 232 (4th Cir. 1992). The motion for acquittal was appropriately denied.
 
 
 3
 Counsel next asserts that the district court arguably erred in denying Francis's Motion to Suppress Evidence. This argument also lacks merit. Francis's motion was denied due to his lack of standing. He was not a resident in the house, and offered no evidence to support a reasonable expectation of privacy at any point in these proceedings. We therefore find that the district court's denial of the motion to suppress did not constitute an abuse of discretion. United States v. Johnson, 953 F.2d 110 (4th Cir. 1991).
 
 
 4
 Finally, counsel asserts that the district court arguably erred in failing to give Francis a favorable adjustment at sentencing for his minor or minimal role in the offense, pursuant to U.S.S.G.s 3B1.2.* The question of whether a defendant was a minor or minimal participant in the offense is a factual question only reviewable for clear error. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). Francis failed to offer any evidence at sentencing to support an adjustment under U.S.S.G. § 3B1.2, and this record contains no such evidence. The district court did not clearly err in denying Francis's request for an adjustment.
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the conviction, but deny counsel's Motion to Withdraw Representation. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A (West 1985 & Supp. 1992), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual § 3B1.2 (Nov. 1992)