**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 99-4429

MICHAEL HAWKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge;
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-98-170-HNM)

Submitted: August 15, 2000

Decided: October 6, 2000

Before WIDENER, TRAXLER, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Robert C. Stacy II, HUNTON & WILLIAMS, McLean, Virginia, for
Appellant. Lynne A. Battaglia, United States Attorney, Lisa M. Tur-
ner, Special Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Hawkins appeals from his conviction and sentence for being a felon in possession of a firearm, 18 U.S.C.A. § 922(g) (West 2000). On appeal, he challenges the district court's denial of his motion for judgment of acquittal, the court's instructions on the effect of a stipulation, the application of the enhancement to his sentence for being an armed career criminal, and the imposition of a restitution order. We affirm Hawkins' conviction, but vacate the restitution order, vacate his sentence, and remand for resentencing.

The evidence, viewed in the light most favorable to the government, established that, following a verbal dispute between Hawkins and Wendell Wilkins, Hawkins beat Wilkins with a handgun. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (providing standard). Hawkins points to several inconsistencies in the testimony and the lack of forensic evidence linking him to the gun. These are matters left to the jury. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996). Because the jury apparently credited the testimony of Wilkins and Officer Williams, and the testimony is sufficient to support the verdict, we conclude that the district court properly denied Hawkins' motions for judgment of acquittal. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999).

Next, Hawkins challenges the district court's jury instructions concerning the stipulation as to the first element of the offense. The court instructed the jury that, "the Government must prove beyond a reasonable doubt that the Defendant was convicted of a crime punishable by imprisonment for more than one year prior to the date on which he is charged in the indictment in this case." The court further instructed that the parties stipulated or agreed to this fact, and "[t]herefore, you need not further consider this particular element of

2

the charged offense." Hawkins contends that this instruction amounted to a directed verdict as to the first element of the offense.

In United States v. Muse, 83 F.3d 672 (4th Cir. 1996), this court held that "trial courts are foreclosed from instructing juries not to consider certain elements of a crime, even if the case involves a stipulation encompassing those elements." Id. at 680. In Muse, the district court had instructed as to an element of the offense: "So, you should not have to concern yourself with that, because the stipulation establishes that element . . . ." Id. at 678. We upheld this instruction, finding that the precatory language "should not" did not take consideration of the element out of the hands of the jury. Relevant, also, was the fact that the district court had informed the jury that they must consider all of the elements in order to determine whether the defendant was guilty. See id. at 680-81. Here, too, the challenged instruction contains precatory language--"need not" as opposed to "must not." Also, the district court instructed the jury that in order to find Hawkins guilty of the offense, they must find that the government proved all of the elements of the offense beyond a reasonable doubt. We find that the instruction as to the stipulation was not erroneous.

Next, Hawkins challenges the restitution order. Under the Victim and Witness Protection Act (VWPA) of 1982, the district court may order a defendant to pay restitution to any victim of an offense of conviction. See 18 U.S.C.A. § 3663(a)(1)(A) (West Supp. 2000); United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996). An individual is a victim under § 3663 if he is harmed by conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction. See Blake, 81 F.3d at 506; see also Hughey v. United States , 495 U.S. 411, 413 (1990) (restitution allowed only "for the loss[es] caused by the specific conduct that is the basis of the offense of conviction"). The parties agree that there was no scheme, so the relevant inquiry is whether Wilkins was injured by conduct underlying an element of the offense for which Hawkins was convicted.

The offense of conviction is possession of a firearm by a convicted felon. The elements of that offense are: (1) that defendant was previ-

3

ously convicted of a felony, (2) that he possessed a firearm, and (3) that the possession charged was in or affecting interstate commerce. See 18 U.S.C.A. § 922(g)(1). The government asserts that Wilkins was injured by Hawkins' "use" of the firearm to assault Wilkins. However, use is not an element, nor is it conduct underlying an element of the offense. See United States v. Broughton-Jones, 71 F.3d 1143, 1148 (4th Cir. 1995) (holding that restitution permitted only when loss flows from the "specific conduct" supporting the conviction).

Because the harm to Wilkins did not result from conduct underlying an element of the § 922(g) offense, the district court erred in ordering Hawkins to pay restitution to Wilkins. See Blake, 81 F.3d at 506. We find that this error was plain due to the clear language of § 3663(a)(2) and this court's holding in Blake. Further, the improper restitution order was prejudicial to Hawkins because restitution was not authorized by statute in this case. Also, these circumstances warrant the exercise of this court's discretion to notice plain error, particularly in light of the holding in Blake. See United States v. Olano, 507 U.S. 725, 732 (1993). Accordingly, we vacate the order of restitution.

Lastly, Hawkins contends that the district court erred in applying offense level 34 and criminal history category VI under the armed career criminal provision of the sentencing guidelines. See U.S. Sentencing Guidelines Manual § 4B1.4 (1998). This offense level and criminal history category apply only upon finding that the defendant "used or possessed the firearm or ammunition in connection with a crime of violence . . ., as defined in § 4B1.2(1)." See USSG § 4B1.4(b)(3)(A), (c)(2). Section 4B1.2(1) defines "crime of violence" to mean a state or federal offense "punishable by imprisonment for a term exceeding one year that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or--(ii) is burglary of a dwelling, arson, or extortion, involves use of explosive, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(1). "The term `crime of violence' does not include the offense of unlawful possession of a firearm by a felon." USSG § 4B1.2 comment. (n.2). That same commentary notes that an offense qualifies as a "crime of violence" if:

4

(A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. , expressly charged) in the count of which the defendant was convicted involved the use of explosives . . . or by its nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of inquiry.

Id. "Accordingly, in assessing whether a particular offense satisfies the `otherwise clause' of USSG § 4B1.2(1)(ii), `a sentencing court must confine its factual inquiry to those facts charged in the indictment.'" United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996) (quoting United States v. Johnson, 953 F.2d 110, 113 (4th Cir. 1991)). Here, the indictment merely charged Hawkins with possession of a firearm by a convicted felon. Because there are no facts in the indictment from which the court could determine that the possession was "in connection with a crime of violence," we conclude that Hawkins is correct in asserting that the sentencing court erred. See United States v. Talbott, 78 F.3d 1183, 1190 (7th Cir. 1996) (holding that enhancement for possessing firearm "in connection with a crime of violence" was improper when violent conduct not charged in indictment, even though bystander shot during scuffle over gun).

The sentencing court misapplied the "in connection with a crime of violence" enhancements under USSG § 4B1.4(b)(3)(A), (c)(2), and determined that the offense level was 34 and the criminal history category was VI. After finding that the criminal history category substantially overstated the seriousness of Hawkins' criminal history, the court departed downward to category IV. Thus, Hawkins' sentencing range was 210 to 262 months. As correctly applied, employing offense level 33 and criminal history category IV, see USSG § 4B1.4(b)(3)(B), (c)(3), Hawkins' sentencing range should be 188 to 235 months. Sentencing a defendant under a wrong guidelines range constitutes plain error. See United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996); United States v. Robinson, 20 F.3d 270, 273 (7th Cir. 1994) ("A sentence based on an incorrect guideline range constitutes an error affecting substantial rights and can thus constitute plain error."). Accordingly, we vacate Hawkins' sentence and remand for resentencing at offense level 33 and criminal history category IV.

In conclusion, we affirm Hawkins' conviction, vacate the restitution order, vacate his sentence, and remand for resentencing to determine Hawkins' offense level and criminal history category under § 4B1.4 without application of the additional enhancement for use of a firearm "in connection with a crime of violence." <u>See</u> USSG § 4B1.4(b)(3)(A), (c)(2). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED</u>
<u>IN PART; AND REMANDED</u>

6