**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 99-4583

LLOYD ANTHONIE WILLIAMS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-98-144-4)

Argued: May 9, 2001

Decided: June 14, 2001

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Mary Elizabeth Euler, CLONINGER, LINDSAY, HENS-LEY, SEARSON & ARCURI, P.L.L.C., Asheville, North Carolina, for Appellant. Douglas Scott Broyles, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Stephen P. Lindsay, CLONINGER, LINDSAY, HENSLEY, SEARSON & ARCURI, P.L.L.C., Asheville, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Brian Lee

Whisler, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Lloyd Anthonie Williams was convicted of unlawful possession of
a firearm. *See* 18 U.S.C.A. § 922(g)(1) (West 2000). Williams
appeals, challenging his conviction and sentence. We affirm the con-
viction, vacate the sentence, and remand for resentencing.

### I.

Deputy Sheriff Ronald Kreech made a routine traffic stop of a car
driven by Williams. As Kreech was informing police dispatch of the
stop, he saw Williams, who was seated in the car with the door open,
lean down, reach under the seat, and then "make a flipping motion."
J.A. 61. Kreech approached the car and saw a small silver pistol on
the floor of the car on the passenger side. After another officer seized
the gun and learned that it was stolen, Kreech arrested Williams. As
he was being handcuffed, Williams volunteered that he bought the
gun from a thirteen-year-old child and that "he should be given a
medal" because the "kid didn't know how to handle a gun . . . [and]
could have hurt somebody." J.A. 63-64.

Williams, a convicted felon, went to trial on a single count of
unlawful possession of a firearm. Prior to trial, the government filed
an information stating that Williams had three prior convictions for
violent felonies or serious drug offenses and that the government
would seek an enhanced sentence under 18 U.S.C.A. § 924(e) (West

2000), the Armed Career Criminals Act. The jury convicted Williams, and the district court imposed a sentence of life imprisonment.

## II.

In his only challenge to his conviction, Williams contends that the district court erred by denying his motion to suppress the statement about the gun that Williams made to Deputy Kreech when he was arrested. When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Raymond*, 152 F.3d 309, 311 (4th Cir. 1998).

At trial, Williams sought to suppress his statement on the grounds that he had not been given *Miranda*[1] warnings before making the statement. The district court denied the motion, concluding that the statement was voluntarily made and was not the product of custodial interrogation. On appeal, Williams argues that because he had been arrested and placed in handcuffs before he made his statement, the situation was the functional equivalent of a custodial interrogation, and the absence of the *Miranda* warnings therefore rendered his statement inadmissible. We disagree.

It is well settled that "[a] person subjected to custodial interrogation is entitled to the procedural safeguards prescribed by *Miranda*, and therefore, any statements a suspect makes during custodial interrogation are inadmissible in the prosecution's case in chief unless prior *Miranda* warnings have been given." *United States v. Leshuk*, 65 F.3d 1105, 1108 (4th Cir. 1995). However, it is also well settled that spontaneous or volunteered statements that are not the product of interrogation or its functional equivalent are not barred by *Miranda*, even if the defendant is in custody when the statements are made. *See Rhode Island v. Innis*, 446 U.S. 291, 299-301 (1980); *United States v. Wright*, 991 F.2d 1182, 1186 (4th Cir. 1993).

Although Williams was certainly in custody when he made the statement, there is no evidence showing that the statement was the

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

product of interrogation or its functional equivalent. *See Innis*, 446 U.S. at 301 (explaining that "interrogation" "refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect" (footnote omitted)). Instead, the record demonstrates that the statement was spontaneously volunteered by Williams, perhaps with the misguided hope that it might somehow exculpate him. Because the record is utterly devoid of any evidence showing a "measure of compulsion above and beyond that inherent in custody itself," *Innis*, 446 U.S. at 300, the district court properly denied the motion to suppress.

## III.

At sentencing, the district court did not make an acceptance of responsibility adjustment to Williams's offense level, and the court adopted the probation officer's recommendation that Williams be sentenced as a career offender pursuant to section 4B1.1 of the *United States Sentencing Guidelines Manual* (1998). Williams therefore received a base offense level of 37, which, with his category VI criminal history, resulted in a sentencing range of 360 months to life. As noted above, the district court sentenced Williams to life imprisonment.

## A.

In the presentence report, the probation officer concluded that Williams had not accepted responsibility for his participation in the instant offense and recommended that Williams should not receive an adjustment under U.S.S.G. § 3E1.1. Although Williams argues on appeal that he was entitled to the reduction, he did not object to that aspect of the presentence report. The issue, therefore, is reviewed only for plain error. *See United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996) ("A defendant's failure to object to a sentencing issue amounts to a waiver of his right to raise that issue on appeal, absent plain error.").

Williams contends he is entitled to the acceptance of responsibility adjustment because he admitted his conduct at the scene of his arrest.

He argues that he went to trial only to challenge the admissibility of his statement to Deputy Kreech and that his insistence upon going to trial should not deprive him of the adjustment. We disagree.

Generally, the acceptance of responsibility adjustment is not applicable where the defendant has "put[ ] the government to its burden of proof at trial." U.S.S.G. § 3E1.1, comment. (n.2). That the defendant insisted on going to trial, however,

> does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

*Id.*; *see also United States v. Holt*, 79 F.3d 14, 17 (4th Cir. 1996) (per curiam).

Although Williams offered no evidence at trial, the record does not demonstrate that he acknowledged his factual guilt. In fact, Williams specifically denied possession of the firearm in his objections to the presentence report. Therefore, even if we accept Williams's assertion that he went to trial only to challenge the admissibility of his statement and we assume that the *Miranda* issue is unrelated to his factual guilt, this is not one of the "rare cases" where a defendant who goes to trial has nonetheless clearly demonstrated an acceptance of responsibility. *See, e.g.*, *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) (explaining that "to receive a reduction under § 3E1.1 for acceptance of responsibility, the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct"). Accordingly, we cannot conclude that the district court's refusal to award the adjustment constitutes error, plain or otherwise.

## B.

Williams also contends that the district court improperly sentenced him as a career offender under U.S.S.G. § 4B1.1. We agree.

A defendant is a "career offender" under the guidelines if he is over eighteen at the time he committed the instant offense, the instant offense is a felony crime of violence or controlled substance offense, and he has at least two prior felony convictions for crimes of violence or controlled substance offenses. *See* U.S.S.G. § 4B1.1. The commentary to the guidelines, however, specifically provides that "'[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon." U.S.S.G. § 4B1.2, comment. (n.1); *see also United States v. Johnson*, 953 F.2d 110, 115 (4th Cir. 1991).

The probation officer recommended that Williams be sentenced as a career offender because he had one prior conviction for a violent felony and two prior felony convictions for controlled substance offenses and because "the instant offense involves a firearm." J.A. 130. However, given that a violation of 18 U.S.C.A. § 922(g) is not a crime of violence for purposes of section 4B1.1, it was error to sentence Williams as a career offender.

Although the government does not dispute that application of the career offender guideline would be improper in this case, the government contends that Williams was not sentenced as a career offender but instead was properly sentenced as an armed career criminal pursuant to 18 U.S.C.A. § 924(e). We cannot agree with this characterization of the proceedings.

Section 924(e) imposes a mandatory minimum sentence of fifteen years for a violation of section 922(g) if the defendant has three previous convictions "for a violent felony or a serious drug offense." 18 U.S.C.A. § 924(e)(1). The government filed an information indicating that it would seek an enhanced penalty under section 924(e), and Williams's presentence report reveals prior convictions that perhaps satisfy the requirements of section 924(e).[2] Nonetheless, even though the

---

[2]To qualify as a predicate "serious drug offense" conviction for purposes of section 924(e), the offense must be one that carries a maximum term of imprisonment of at least ten years. *See* 18 U.S.C.A. § 924(e)(2)(A). While the presentence report identifies two prior convictions for drug sales, the report shows only that Williams was sentenced to five years imprisonment on each of those convictions; the report does not indicate the maximum sentences associated with the convictions.

presentence report refers to section 924(e), it is clear that the sentence Williams received resulted from the application of the career offender guideline.

Section 4B1.4 of the Sentencing Guidelines governs the sentencing of defendants who qualify as armed career criminals under 18 U.S.C.A. § 924(e). Section 4B1.4 provides that the offense level for an armed career criminal is the greatest of: (1) the offense level determined pursuant to Chapters Two and Three of the Sentencing Guidelines; (2) the offense level determined under section 4B1.1, the career offender guideline, if applicable; or (3) the offense level set forth in subsection 4B1.4(b)(3). *See* U.S.S.G. § 4B1.4(b). Subsection 4B1.4(b)(3) establishes an offense level of 34 if the defendant used or possessed the firearm in connection with a crime of violence or controlled substance offense or if the firearm involved was one of the dangerous weapons described in 26 U.S.C.A. § 5845(a), and an offense level of 33 for all other cases. *See* U.S.S.G. § 4B1.4(b)(3).

In this case, the probation officer recommended and the district court adopted an offense level of 37, a level that was reached by applying the career offender guideline. But since Williams does not qualify as a career offender, the career offender guideline is not applicable. Thus, Williams's offense level if he qualifies as an armed career criminal could only be 33, given that his offense level calculated under Chapters Two and Three was less than 33 and the charged offense does not satisfy the requirements of subsection 4B1.4(b)(3). With an offense level of 33 and a category VI criminal history, Williams faced a sentencing range of 235 to 293 months as an armed career criminal; the life sentence he received was possible only through the application of the career offender guideline.

During sentencing, however, Williams did not argue that the career offender guideline was inapplicable because his section 922(g) conviction was not a crime of violence. Instead, he argued only that his prior state court convictions should have been counted as one conviction, *see* U.S.S.G. § 4A1.2, comment. (n.3), and that he therefore did not have the prior convictions necessary to trigger application of the career offender guideline. Because the error in applying the career offender provisions of the Sentencing Guidelines was plain and resulted in the imposition of a life sentence that Williams otherwise

could not have received (absent an upward departure),[3] we believe this is a proper case to exercise our discretion to notice the error. *See, e.g.*, *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998) (explaining that under plain error review, the defendant "must show that an error occurred, that the error was plain, and that the error affected his substantial rights," and that even if these requirements are met, the court will notice the error only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings" (alteration and internal quotation marks omitted)). We therefore vacate Williams's sentence and remand for resentencing without application of the career offender guideline.

## IV.

To summarize, we affirm Williams's conviction. However, because the district court erred when sentencing Williams, we vacate the sentence and remand for resentencing. On remand, the district court shall determine whether Williams should be sentenced as an armed career criminal under 18 U.S.C.A. § 924(e). When making this determination, the district court is free to consider the issue *de novo*, including the challenges to sentencing as an armed career criminal made on appeal by Williams in his *pro se* materials, challenges about which we express no opinion. If the district court determines that Williams does not qualify as an armed career criminal, then the court shall impose a sentence consistent with Williams's criminal history category and offense level.[4]

---

[3]Williams argues in his *pro se* materials that an upward departure upon resentencing would be improper. This issue is not yet ripe and we do not consider it.

[4]When calculating Williams's base offense level, the district court imposed a four-level enhancement based on its determination that Williams used or possessed a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(5). Although Williams challenges that enhancement on appeal, we decline to consider the issue at this juncture. The enhancement will be material only if the district court concludes on remand that Williams cannot be sentenced as an armed career criminal under section 924(e). If the district court so concludes, it is free to consider *de novo* the propriety of the 2K2.1(b)(5) enhancement. As to the issue raised by counsel for Williams based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and all other issues raised by Williams in his *pro se* submissions that are not specifically mentioned in this opinion, we have considered the issues and find them to be without merit.

Accordingly, for the foregoing reasons, we affirm Williams's conviction, but we vacate the sentence and remand for resentencing in accordance with this opinion.

*AFFIRMED IN PART, VACATED IN PART,*

*AND REMANDED WITH INSTRUCTIONS*